FILED

DEC 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50472 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00535-PSG |
| v. | |
| WALTER ANTONIO SANCHEZ SANCHEZ, a.k.a. Walter Antonio Sanchez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Walter Antonio Sanchez Sanchez appeals from the district court's judgment

and challenges the 41-month custodial sentence and two-year term of supervised

release imposed following his guilty-plea conviction for being an illegal alien

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sanchez Sanchez alleges that the district court procedurally erred by failing to consider adequately the 18 U.S.C. § 3553(a) sentencing factors, and his mitigating arguments in favor of a below-Guidelines custodial sentence and no term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered the parties' arguments and the section 3553(a) sentencing factors, and explained the reasons for the sentence. The record further reflects that the district court considered the government's and the probation officer's recommendation in favor of a term of supervised release and determined that a supervised release term was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Sanchez Sanchez also contends that his custodial sentence is substantively unreasonable because the district court erred by denying his request for a cultural assimilation departure. He asserts that the supervised release term is substantively unreasonable in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose a term of supervised release if the defendant is a

deportable alien. Contrary to Sanchez Sanchez's contention, the district court did not abuse its discretion in imposing a 41-month custodial sentence and the two-year term of supervised release. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012), *cert. denied*, 2013 WL 1841816 (U.S. Oct. 7, 2013) (the denial of a request for a downward departure on the basis of cultural assimilation is reviewed only as part of the review of the overall substantive reasonableness of the sentence). The overall sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Sanchez Sanchez's violent criminal history and the need to protect the public. *See Gall*, 552 U.S. at 51; *see also* U.S.S.G. § 5D1.1 cmt. n.5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would provide an added measure of deterrence and protection).

**AFFIRMED.**